IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | . | CRIMINAL ACTION NO. |
| | . | 4:09-CR-115-A |
| V. | . | |
| | . | Fort Worth, Texas |
| JOHN REGINALD HOLT | . | May 7, 2010 |

. . . . . . . . . . . . . . . . .

# TRANSCRIPT OF PROCEEDINGS

(Sentencing Hearing)
BEFORE THE HONORABLE TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government: MR. FREDERICK M. SCHATTMAN
MR. WALT JUNKER
United States Attorney's Office
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102-6897
(817) 252-5200

For the Defendant: MR. ANDREW OTTAWAY
Attorney at Law
301 S. Morgan
P.O. Box 1679
Granbury, Texas 76048
(817) 573-7823

Court Reporter: MS. ANA P. WARREN
U.S. District Court Reporter
501 W. 10th Street, Room 201
Fort Worth, Texas 76102-3637
(817) 850-6681

Proceedings recorded by mechanical stenography; transcript produced by computer-aided transcription.

***P R O C E E D I N G S***

(Commencing, 9:40 a.m.)

THE COURT: I'm next calling for sentencing Number 4:09-CR-115-A. There are three defendants in this case, and I'm first calling John Reginald Holt.

Mr. Schattman is here for the government and Mr. Ottaway is here for Mr. Holt.

Mr. Holt, state your full name for the record.

DEFENDANT HOLT: John Reginald Holt.

THE COURT: Okay. You don't need to lean down to talk into the microphone.

DEFENDANT HOLT: Yes, sir.

THE COURT: Let's see. You had a jury trial. Your trial started, I believe, on January 4 of this year, and the jury returned a verdict, I believe, on January 14, and the jury found you guilty of Count 1 of the superseding indictment in this case. That was the offense of conspiracy to distribute and possess with intent to distribute more than 500 grams of methamphetamine. Of course, we're here today for sentencing based on the conviction resulting from that jury verdict. I believe I've already signed the preliminary order of forfeiture.

Mr. Ottaway, did you and your client receive the presentence report in a timely manner and then both of you read it and discuss it with each other?

MR. OTTAWAY: We did.

THE COURT: Okay. There being no objections to the presentence report, the Court adopts as the fact findings of the Court the facts set forth in the presentence report and adopts as the conclusions of the Court the conclusions expressed in the presentence report.

The Court concludes that the Total Offense Level is 42. That the Criminal History Category is III. That the imprisonment range is 360 months to life. That the supervised release range is five years. That the fine range is $25,000 to $4 million, and that a special assessment of $100 is mandatory.

Okay. You can make whatever statement you would like to make on behalf of your client, Mr. Ottaway.

MR. OTTAWAY: Judge, he's 54 years old and a relatively small criminal history, relatively compared to the others. That's all we have.

THE COURT: Okay. Mr. Holt, you have the right to make any statement or presentation you would like to make on the subject of mitigation, that is, the things that you think the Court should take into account in determining what sentence to impose or on the subject of sentencing more generally, and at this time I'll invite you to do that.

DEFENDANT HOLT: I'm sorry this whole thing ever happened. I wish we wasn't here. I apologize. It will never

happen again.

THE COURT: Mr. Ottaway described your criminal history as relatively insignificant, or something like that, 14 or 15 convictions. What would a bad criminal history be?

MR. OTTAWAY: In terms of felonies, Judge. He's more of a misdemeanor man.

THE COURT: Oh, okay. Well, I did notice a lot of them were DWIs, or driving while under the influence. Maybe he can get some credit for that. And I think I am going to give him credit for not having any more serious offenses.

I think a sentence at the bottom advisory guideline range, 360 months, would be a reasonable sentence when combined with a term of supervised release of five years to start when he gets out of prison, plus, payment of a special assessment of $100. I think such a sentence would adequately address the factors the Court should consider under 18, United States Code, Section 3553(a), and would be a reasonable sentence.

So the Court is ordering and adjudging that the defendant be committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 360 months. I'm not ordering him to pay a fine because I don't have any information that he has the ability to do so or will any time soon.

I am ordering that he serve a term of supervised release of five years. That will start when he gets out of prison, and I'm also ordering that he comply with the standard

conditions of supervised release that will be set forth in the judgment of sentence and conviction and the following additional conditions:

He shall not commit another federal, state, or local crime. He shall not possess illegal controlled substances. He shall cooperate in the collection of DNA as directed by the probation officer and as authorized by the Justice for All Act of 2004. He shall participate in a program -- and it can be either in-patient or out-patient or a combination -- approved by the probation officer for the treatment of narcotics or drug or alcohol dependency that will include testing for the detection of substance abuse, and he shall abstain from the use of alcohol and all other intoxicants during and after completion of that treatment, and he will contribute to the cost of those services at the rate of at least $30 a month.

He shall participate in workforce development programs and services involving activities relating to occupational and career development, including, but not limited to, assessments and testing, educational instruction, training classes, career guidance, counseling, case management, and job search and retention services, as directed by the probation officer until successfully discharged from the program.

He shall refrain from any unlawful use of a controlled substance and shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests

as directed by the probation officer pursuant to the mandatory drug testing provision of the 1994 Crime Bill. I'm also ordering that the defendant pay a special assessment of $100. That's payable immediately to the United States of America through the office of the United States Clerk.

Let's see. Does the government have a motion to make?

MR. SCHATTMAN: Yes, Your Honor. We would ask that the Court also orally announce the forfeiture of the property as set out in the preliminary order of forfeiture. We would ask the Court order --

THE COURT: Why don't you state it in the record the specific language you're asking the Court to order.

MR. SCHATTMAN: Pursuant to 21, USC, Section 853(a), it is hereby ordered that the defendant's interest in the following property is condemned and forfeited to the United States:

A. A sum of money equal to $5 million in United States currency representing the amount of proceeds obtained as a result of said offense for which the defendant is jointly and severally liable with the defendants, Herbert Phillip Anderson, Wade Phillip Smith, and Juan Gloria Cruz.

THE COURT: Did you want that order to say that forfeiture would be subject to the provisions of 21, United States Code, Section 853(n)?

MR. JUNKER: May I address the Court, Your Honor?

THE COURT: Yes.

MR. JUNKER: Walt Junker appearing for the government as forfeiture counsel.

Your Honor, because it involves only a monetary or money judgment at this point, 853(n) does not come into play.

THE COURT: Okay.

MR. JUNKER: If it was specific property forfeited, then we would ask for that.

THE COURT: Okay. We will not put that in it, but we will order, as Mr. Schattman suggested, the forfeiture.

MR. SCHATTMAN: Your Honor, the United States would also move the Court to dismiss the original indictment returned September 9, 2009 as to the defendant, John Reginald Holt.

THE COURT: Okay. I'll order that dismissal as to this defendant only.

Mr. Holt, you have the right to appeal from your conviction as well as the sentence, and it would be to the United States Court of Appeals for the Fifth Circuit. And you would have the right to appeal in forma pauperis. That means without any cost to you if you qualify for it. You also have the right to have the clerk of the Court file a notice of appeal for you, and the clerk will do that forthwith if you were to specifically request it.

You and your attorney have been given a form that outlines

certain rights and obligations in reference to an appeal. If you haven't already done so, I want the two of you to review that, and once both of you are satisfied you understand it, I want both of you to sign it and return it to the court coordinator.

Has that been done?

MR. OTTAWAY: We did that before court, Your Honor.

THE COURT: Okay. Thank you.

The defendant is remanded to custody, and, Mr. Ottaway, you're excused.

MR. OTTAWAY: Judge, I have to object on reasonableness grounds to the sentence.

(End of proceedings, 12:00 p.m.)

-oOo-

CERTIFICATE

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter, and that the transcript was prepared by me and under my supervision.

s/ Ana P. Warren — March 13, 2011

Ana P. Warren, CSR #2302 — Date

U.S. District Court Reporter

-oOo-